UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIKTORS SUHORUKOVS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN KNIGHT,<br><br>　　　　　　Respondent. | Civil Action No. 23-457 (KMW)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on Petitioner Viktors Suhorokovs's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 10), to which Petitioner replied. (ECF No. 11.) Petitioner also filed a motion to expand the record. (ECF No. 13.) Because the information contained in Petitioner's motion is germane to this matter, that motion is granted to the extent that this Court will consider the attached files in determining the appropriate outcome to this matter.

By way of background, at the time he filed his petition, Petitioner was a federal prisoner confined at FCI Fort Dix. (ECF No. 1 at 1.) Through his petition, Petitioner sought to be declared eligible for additional credits towards his release pursuant to the First Step Act, which he believed he was being improperly denied on the basis of an immigration detainer. (*Id.* at 2-6.) In its response, the Government instead asserted that Petitioner was subject to a final removal order, which barred his receipt of FSA credits, and had in any event failed to fully exhaust his claims before filing suit. (*See* ECF No. 10.) In that response, the Government further informed the Court that Petitioner's projected release date, assuming he was not granted additional FSA credits, was October 19, 2023. (*Id.* at 7.)

Publicly available information posted to the Federal Bureau of Prisons inmate locator system indicates that Petitioner was, indeed, release from BOP custody on October 19, 2023. Although Petitioner did file a change of address form directing correspondence to his lawyer, he neither confirmed nor denied his release from prison. (*See* ECF No. 14.) Likewise, although this Court's order to answer required them to update the court within seven days upon Petitioner's release from prison, the Government has not provided any such update or indicated whether Petitioner's habeas petition has now become moot in light of his apparent release.

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009). As it appears that Petitioner has been released from prison and can no longer receive the benefit of the FSA credits he sought in this matter, his petition may well be moot. *Spencer*, 523 U.S. at 7; *Burkey*, 556 F.3d at 146-50. The Government shall therefore provide this Court with an update as to Petitioner's detention status within seven days and shall further advise the Court of whether the Government would now contend that this matter has become moot. Petitioner may thereafter file a response within seven days of the Government's filing.

**IT IS THEREFORE** on this _30th_ day of November, 2023,

**ORDERED** that Petitioner's motion to expand the record of this matter (ECF No. 13) is **GRANTED**; and it is further

**ORDERED** that the Government shall provide the Court with an update as to Petitioner's current detention status within seven days; the Government's response shall both address whether Petitioner has been released from BOP custody and whether the Government believes this matter is now moot; and it is further

**ORDERED** that Petitioner may file a response within seven days of the Government's filing; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail.

/Hon. Karen M. Williams,
United States District Judge