UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIKTORS SUHORUKOVS,<br><br>                  Petitioner,<br><br>     v.<br><br>WARDEN KNIGHT,<br><br>                  Respondent. | Civil Action No. 23-457 (KMW)<br><br>**MEMORANDUM ORDER** |

      This matter comes before the Court on Petitioner Viktors Suhorokovs's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 10), to which Petitioner replied. (ECF No. 11.) Following an order of this Court (ECF No. 15), the Government also filed an update as to Petitioner's status. (ECF No. 16.)

      By way of background, at the time he filed his petition, Petitioner was a federal prisoner confined at FCI Fort Dix. (ECF No. 1 at 1.) Through his petition, Petitioner sought to be declared eligible for additional credits towards his release pursuant to the First Step Act, which he believed he was being improperly denied on the basis of an immigration detainer. (*Id.* at 2-6.) In its response, the Government instead asserted that Petitioner was subject to a final removal order, which barred his receipt of FSA credits, and had in any event failed to fully exhaust his claims before filing suit. (*See* ECF No. 10.) In that response, the Government further informed the Court that Petitioner's projected release date, assuming he was not granted additional FSA credits, was October 19, 2023. (*Id.* at 7.)

      Because publicly available information posted to the Federal Bureau of Prisons inmate locator system indicated that Petitioner was, indeed, released from BOP custody on October 19,

2023, this Court directed the Government to inform the Court whether Petitioner had, in fact, been released, and whether his claims had therefore been rendered moot. (ECF No. 15.) In its response, the Government confirms that Petitioner was released from BOP custody on October 19. (ECF No. 16.) The Government also provided a certification and documentary evidence clearly showing that Petitioner has been released from BOP custody. (ECF No. 16-1.) The Government therefore contends that this matter has become moot and must be dismissed as such. (ECF No. 16.)

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009). As Petitioner has been released from BOP custody and may no longer be awarded further credits towards his release, Petitioner's habeas petition, which sought only the provision of further good conduct credits towards his release, has now become moot. *Spencer*, 523 U.S. at 7; *Burkey*, 556 F.3d at 146-50. Petitioner's habeas petition must therefore be dismissed.

**IT IS THEREFORE** on this _11th_ day of December, 2023,

**ORDERED** that Petitioner's habeas petition is **DISMISSED WITHOUT PREJUDICE** as moot; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail, and shall **CLOSE** the file.

_____
Hon. Karen M. Williams,
United States District Judge